IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| INTERSTATE PACKAGING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-cv-00589 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Knowles |
| | ) | |
| CENTURY INDEMNITY COMPANY, et al., | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Defendants American Casualty Company of Reading, PA, and Continental Casualty Company's Motion for Summary Judgment ("Motion No. 1") (Doc. No. 94); Defendants Century Indemnity Company, ACE Property & Casualty Insurance Company, and ACE Fire Underwriters Insurance Company's Motion for Summary Judgment ("Motion No. 2") (Doc. No. 126); Defendant the American Insurance Company's Motion for Summary Judgment ("Motion No. 3") (Doc. No. 174); and Defendant United States Fire Insurance Company's Motion for Summary Judgment ("Motion No. 4") (Doc. No. 193) (collectively the "Defendants" and the "Motions"). For the reasons stated below, Defendants' Motions are **GRANTED**.

I. BACKGROUND[1]

   A. *Factual Background*

      1. Underlying Litigation

Plaintiff Interstate Packaging Company manufactures packaging, labels, bags, and pouches for customers in the food and beverage, health and beauty, textile, household product,

---

[1] Unless otherwise indicated, the facts in this section are undisputed and taken from Plaintiff's Responses to Defendants' Statements of Undisputed Material Facts (Doc. Nos. 182–84; 199) and Defendants' Replies to Plaintiff's Statement of Additional Facts (Doc. Nos. 190; 206).

1

and pet product industries in Tennessee. (Doc. No. 1-1 at 3.) On October 28, 2009, Natural Resources Defense Council, Inc., Beatrice Holt, and Sheila Holt-Orsted ("NRDC Plaintiffs") filed suit against Interstate in this District ("NRDC Lawsuit"). The Complaint in the NRDC lawsuit ("NRDC Complaint") alleges that Interstate disposed of waste containing trichloroethylene ("TCE") and perchloroethylene ("PCE") at a landfill owned and operated by the City of Dickson, Tennessee, in the 1970s and 1980s.

The NRDC Plaintiffs claim that the TCE and PCE contaminated the Holts' drinking well and the subsurface of their property. They further claim that members of the Holt family have experienced serious health problems that they believe are related to their long-term exposure to the contaminated water supply. The NRDC Plaintiffs sought an order requiring various defendants, including Plaintiff, to investigate the extent of contamination, remediate the present contamination, and abate future contamination. The NRDC Plaintiffs subsequently settled their claims, and the NRDC Lawsuit was dismissed in November 2011.

2. Insurance Policies

Defendants are insurers who—at various points relevant to the underlying litigation—insured Plaintiff. Plaintiff's insurance policies with Defendants each contained an identical exclusion to coverage for injury or property damage caused by the insured's polluting activities. Specifically, the policies contain a "pollution exclusion" provision, which excludes from coverage "bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, tonic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water;" however, the policies also contain an exception to the "pollution exclusion" provision, such that the exclusion "does not apply if such discharge, dispersal, release

2

or escape is sudden and accidental." (Doc. No. 1-1 at 4–27.)[2] Defendants declined to defend or indemnify Plaintiff against the NRDC Lawsuit, on the basis that the NRDC Complaint alleged polluting activities that were excluded from coverage, and did not fall within the "sudden and accidental" exception to the exclusion. (*See, e.g.*, Doc. No. 1-5 at 637.) Defendants' denial of coverage precipitated the instant case.

### B. Procedural Background

Plaintiff filed the instant action in the Chancery Court of Dickson County on May 18, 2011, seeking a declaratory judgment that coverage for the NRDC Lawsuit exists under the policies. (Doc. No. 1-1.) Plaintiff alleges generally that Defendants wrongfully denied insurance coverage for the damages alleged in the NRDC Lawsuit and that Defendants are liable for the policy limits, along with damages for their failure to defend and indemnify. (*Id.*) Defendants removed the action to this Court on June 17, 2011, on the grounds of diversity jurisdiction. (Doc. No. 1.)

Defendants Great American Insurance Company ("GAIC") and Great American Insurance Company of New York ("GANY") filed a Motion for Summary Judgment ("Original Motion") on December 5, 2011 (Doc. No. 65), which the Court granted on March 14, 2012 (Doc. No. 88). Of particular relevance, the Court held that (1) the exclusions contained in Plaintiff's insurance policies applied to bar coverage for the claims as alleged in the NRDC Lawsuit, and (2) the "blanket rule" was applicable to the case, meaning that if the Court found GAIC and GANY had no duty to defend, it must necessarily find GAIC and GANY had no duty to indemnify. (*Id.* at 10–11.) The Court therefore found that neither policy gave rise to a duty to defend or to indemnify. (*Id.*) The Court held, in the alternative, that it could not find a duty to

---

[2] Plaintiff concedes one of the umbrella policies issued by Defendant the American Insurance Company does not contain the "sudden and accidental" exception.

3

indemnify when no "true facts" had been determined in the NRDC Lawsuit prior to the suit's settlement. (*Id.* at 12.)

On April 9, 2012, Defendants American Casualty Company and Continental Casualty Company filed a Motion for Summary Judgment on the same grounds as the previously granted Original Motion. (Doc. No. 94.) Two days later, on April 11, 2012, Plaintiff filed a Motion for Reconsideration of the Court's Order on Summary Judgment, or in the Alternative, for Certification of State Law Questions to the Tennessee Supreme Court. (Doc. No. 99.) The remaining defendants in this matter all subsequently filed motions for summary judgment on the same grounds as the previously granted Original Motion: (1) Defendants Century Indemnity Company, ACE Property & Casualty Insurance Company, and ACE Fire Underwriters Insurance Company on August 13, 2012 (Doc. No. 126); (2) Defendant the American Insurance Company on February 20, 2013 (Doc. No. 174); and (3) Defendant United States Fire Insurance Company on June 6, 2013 (Doc. No. 193). The Motions were filed with memorandums in support (Doc. Nos. 95; 127; 175; 194), statements of uncontested material facts (Doc. Nos. 96; 128; 176; 195), and multiple affidavits and exhibits in support.

On April 18, 2013, Plaintiff filed a Response in Opposition to Motion Nos. 1–3 ("Joint Response") (Doc. No. 181), along with responses to the respective statements of undisputed material facts and statements additional facts (Doc. Nos. 182–84). On May 16, 2013, Replies to Plaintiff's Joint Response were filed by Defendants American Casualty Company, Continental Casualty Company, Century Indemnity Company, ACE Property & Casualty Insurance Company, and ACE Fire Underwriters Insurance Company (Doc. No. 189); and Defendant the American Insurance Company (Doc. No. 191); along with a Reply to Plaintiff's additional statement of facts by Defendants (Doc. No. 190). On July 3, 2013, Plaintiff filed a Response in Opposition to Motion No. 4 (Doc. No. 198), along with a Response to Defendant United States

4

Fire Insurance Company's statement of uncontested material facts and a statement of additional facts (Doc. No. 199). Defendant United States Fire Insurance Company filed a Reply to Plaintiff's Response (Doc. No. 205), along with a Reply to Plaintiff's statement of additional facts (Doc. No. 206).

The Court ruled on Plaintiff's Motion for Reconsideration on March 29, 2013, upholding its previous grant of summary judgment in favor of Defendants GANY and GAIC. (Doc. No. 180.) In so doing, the Court held it had not committed clear error in (1) applying the "blanket rule" and (2) finding Plaintiff could not establish a genuine issue of material act as to whether its pollution activities were "sudden and accidental." (*Id.* at 12, 14.) While the Court found its previous ruling that no "true facts" had been established to be clear error, the Court explained this error did not affect the final outcome as it was merely an alternative ground for finding no duty to indemnify. (*Id.* at 10.)

## II.  LEGAL STANDARD

Summary judgment is rendered when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate that the non-moving party has failed to establish a necessary element of that party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will be granted if "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 233 (6th Cir. 1996). The movant has the initial burden of informing the district court of the basis of the summary judgment motion and identifying portions of the record which lack a genuine issue of material fact to support the non-movant's case. *See Celotex*, 477 U.S. at 323.

The non-moving party may not rest solely on the allegations in the complaint, but must delineate specific evidence that shows there is a genuine issue for trial. *See id.* at 324. A "mere

5

possibility" of a factual dispute is not sufficient to withstand a properly supported motion for summary judgment.  *Baird v. NHP Mill Creek Apartments*, 94 F. App'x 328, 330-31 (6th Cir. 2004) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)).  A dispute about a material fact is genuine if a reasonable factfinder could find for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A party asserting or denying that a fact is genuinely disputed may support its position by (1) citing to particular parts of materials in the record, (2) showing that the materials cited by the opposing party do not establish the absence or presence of a genuine dispute, or (3) showing that an adverse party cannot produce admissible evidence to support a fact.  Fed. R. Civ. P. 56(c)(1).

All reasonable inferences are to be drawn in favor of the non-moving party and the evidence of the non-movant is to be believed.  *Anderson*, 477 U.S. at 255.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . on a motion for summary judgment."  *Id.*  If the court determines that a reasonable factfinder could not find for the non-moving party, summary judgment must be granted.  *See Lexington-South Elkhorn Water Dist.*, 93 F.3d at 233.

### III.   ANALYSIS

#### A. Duty to Defend and Duty to Indemnify

Defendants have moved for summary judgment regarding both the duty to defend and the duty to indemnify.  As to both duties, Defendants argue that the facts with respect to them are identical to that of GAIC and GANY, whose Original Motion the Court granted and upheld on Plaintiff's Motion For Reconsideration.  (Doc. Nos. 95 at 2; 127 at 2; 175 at 2; 194 at 2.) Defendants argue they have not only presented substantially the same substantive arguments as GAIC and GANY, but also that the Court's previous rulings should be applied to the Motions under the "law of the case" doctrine.  (Doc. Nos. 189 at 9–11; 205 at 1–3.)  Plaintiff agrees the

policy language at issue in the Motions is exactly the same as the policy considered in the Court's previous orders in that all of the policies contain a "pollution exclusion" provision for which there is an exception for "sudden and accidental" discharges.[3] (Doc. Nos. 181 at 3; 198 at 2–3.) With regard to the duty to defend, Plaintiff has conceded in its Responses that, while it continues to disagree with the Court's previous ruling regarding the duty to defend, the Court has "definitively rejected" Plaintiff's arguments and does not raise any new issues concerning the duty to defend. (Doc. No. 181 at 2 n.1.) Plaintiff argues the Court should, however, reject Defendants' Motions as to the duty to indemnify based on (1) the Court's expression of doubt regarding the applicability of the "blanket rule" in future cases, and (2) the fact that pollution activities in this case qualify for the "sudden and accidental" exception to the "pollution exclusion" provisions, as supported by Plaintiff's additional evidence. (Doc. No. 181 at 6–15; 198 at 8–10.) Plaintiff further argues the "law of the case" doctrine does not compel the Court to apply its prior rulings here. (Doc. No. 198 at 6–8.)

The "law of the case" doctrine states that "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *United States v. Cunningham*, 679 F.3d 355, 376 (6th Cir. 2012) (quoting *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990)). The purpose of the doctrine is to "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *United States v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003) (quoting *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (en banc)). Although a "court has the power to revisit prior decisions of its own . . . in any circumstance, . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances." *Todd*, 920 F.2d at 403 (quoting *Christianson v.*

---

[3] As previously noted, one of the umbrella policies issued by Defendant the American Insurance Company does not contain the "sudden and accidental" exception.

7

*Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). Generally, a "district court may disregard its own earlier decision only under 'extraordinary conditions' where some 'cogent reason' makes that decision inapplicable, such as if the prior decision was 'clearly erroneous,' based on substantially different evidence, or was followed by a contrary decision from a controlling authority." *Omimex Energy, Inc. v. Blohm*, 374 F. App'x 643, 652 (6th Cir. 2010) (quoting *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 677–78 (6th Cir. 2002)).

The Court previously reaffirmed in its order denying Plaintiff's Motion for Reconsideration that GAIC and GANY had no duty to defend or to indemnify. Specifically with regard to the duty to indemnify, the Court held (1) the application of the "blanket rule" was not clear error, and (2) the finding that the pollution activities in this case do not fall under the "sudden and accidental" exception to the "pollution exclusion" provisions was not clear error. (Doc. No. 180.) The Parties agree the policy language at issue here is *exactly* the same as the policy language at issue in the Court's previous order granting summary judgment, and Plaintiff has not provided any evidence—other than its two newly filed affidavits—that the Court should find Defendants or the Motions present a different situation or context such that the Court's previous rulings would not be applicable. The Court thus finds its prior rulings regarding the duty to defend and to indemnify applicable here under the "law of the case" doctrine. As such, the Court interprets Plaintiff's opposition to the Motions to be a request for the Court to reconsider its previous rulings, based in part on Plaintiff's additional evidence.

Plaintiff concedes the Court has "definitively rejected" its previous arguments, which it has incorporated by reference to preserve for appeal. Plaintiff has also offered no additional arguments for why the Court should revisit its determination that the facts presented fail to establish, under the policies at issue, a duty on the part of Defendants to defend Plaintiff. Accordingly, the Court declines to reconsider its previous ruling regarding the duty to defend

and adopts the reasoning set forth in its previous orders. (*See* Doc. Nos. 88; 180.) Under that reasoning, the Court finds Defendants have met their burden to show that they are entitled to summary judgment as a matter of law as to the duty to defend.

As to the applicability of the "blanket rule," Plaintiff's sole argument—that the Court's notation that it has "serious doubts about the rule and its compatibility with Tennessee law, and will be reluctant to apply it in *similar cases going forward*," (Doc. No. 180 at 14 (emphasis added)), should lead the Court to refuse to apply it in the remaining stages of this case—is unpersuasive. While Plaintiff correctly points out that trial courts may reconsider previous prejudgment rulings at any point, the Court *has* reconsidered its previous ruling and found no clear error. Further, the present Motions are part of the *same* case, not *future* cases to which the Court previously alluded. As Plaintiff has offered no new arguments, and thus not shown any "extraordinary circumstances" that would cause the Court to revisit its decision, the Court declines to reconsider the applicability of the "blanket rule" a second time. The Court adopts its reasoning in its previous orders, (*see* Doc. Nos. 88; 180), and finds the "blanket rule" applicable here. Accordingly, as Defendants had no duty to defend Plaintiff, the Court finds Defendants also had no duty to indemnify Plaintiff.

Even if the Court were to find the "blanket rule" inapplicable, Plaintiff still must show that there are "extraordinary circumstances" requiring the Court to revisit its ruling that the pollution activities in question were not "sudden and accidental." The Court previously found specifically that Plaintiff had failed to link any "evidence of a connection between the alleged 'discrete events' and its settlement with the NRDC Plaintiffs," and as such "Plaintiff's bald assertion that its liability was premised on two discrete polluting events" was not enough to find a material issue of genuine fact regarding whether the polluting activities were "sudden and accidental." (Doc. No. 180 at 15.) Plaintiff appears to have relied on the Court's statement—

9

that it had "not been presented with the settlement agreement itself, documentary evidence related to the settlement agreement, or *affidavits from participants in the settlement negotiations*," (*Id.* (emphasis added))—in providing the affidavits of Michael Doochin and Jerald Doochin to overcome the Court's previous ruling. However, these affidavits merely reiterate the "bald assertion" that Plaintiff's liability was only premised on "discrete events," stating simply that any pollution activity on the part of Plaintiff was "unintended, unexpected, unforeseen, and not consistent with [Plaintiff]'s practices and policies." (Doc. Nos. 185 at 4; 186 at 3.) Such statements fail to establish a genuine issue of material fact where Plaintiff has still not presented the settlement agreement to the Court and the court in the underlying case rejected similar arguments based on the "depositions of several Interstate employees who testified to polluting activities occurring as part of Plaintiff's normal course of business." (Doc. No. 180 at 15 (citing *Natural Res. Def. Council, Inc. v. Cnty. of Dickson*, No. 3:08-0229, 2011 WL 8214, at *10 (M.D. Tenn. Jan. 3, 2011)).) Plaintiff's additional evidence, which presents only "[Plaintiff]'s perspective" regarding the pollution activity, (Doc. Nos. 185 at 4; 186 at 3), thus fails to meet the high burden of "substantially different evidence" that might compel the Court to reconsider its previous ruling. Accordingly, the Court adopts the reasoning in its previous orders, (*see* Doc. Nos. 88; 180), under the "law of the case" doctrine, finding Plaintiff has failed to establish a genuine issue of material fact as to whether the pollution activities qualify as "sudden and accidental." As Plaintiff's polluting activities do not qualify for the "sudden and accidental" exception to the "pollution exclusion" in its insurance coverage, the Court finds that, notwithstanding the "blanket rule," Defendants still had no duty to indemnify Plaintiff.

      B.  *Bad Faith Refusal and Tennessee Consumer Protection Act*

Defendants American Casualty Company of Reading, PA, Continental Casualty Company, the American Insurance Company, and United States Fire Insurance Company have

also moved for summary judgment on Plaintiff's claims of "bad faith refusal to pay" and violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code. Ann. § 47-18-101 et. seq. (2013), arguing that there can be no bad faith refusal to pay where there is no duty to defend or to indemnify. (Doc. Nos. 95; 174; 193.) Plaintiff has offered no argument or objection on these points. As the Court has found Defendants had no duty to defend or to indemnify, it logically follows that Defendants cannot be liable for any "bad faith" refusal to pay under their respective insurance policies. Accordingly, the Court finds Plaintiff's claims for "bad faith refusal to pay" and violations of the TCPA must also fail.

## IV.　CONCLUSION

For the above-stated reasons, the Court **GRANTS** Defendants' Motions for Summary Judgment (Doc. Nos. 94; 126; 174; 193) as to Plaintiff's claims. The Court **DECLARES** (1) Defendants had no duty to defend and no duty to indemnify Plaintiff, and (2) Defendants have not committed any "bad faith refusal to pay" nor any violations of the TCPA.

Additionally, the cross-claims raised by Defendants Century Indemnity Company, ACE Property & Casualty Insurance Company, and ACE Fire Underwriters Insurance Company—all of which are only applicable if any Defendants are found to have a duty to defend and/or indemnify Plaintiff—are **DISMISSED AS MOOT**. As such, Defendants GAIC and GANY's pending Motion for Summary Judgment on Defendants' Cross-claims for Declaratory Relief (Doc. No. 101) is **TERMINATED AS MOOT**. This order terminates the Court's jurisdiction over the matter and the case is **DISMISSED**.

It is so ORDERED.

Entered this 25th day of September, 2013.

	JOHN T. NIXON, SENIOR JUDGE
	UNITED STATES DISTRICT COURT